## Rist Appeal

*George M. Bush,* for appellant.

*Charles S. Wilson,* for respondent.

RUFE, J., July 12, 1972.—In this appeal from the refusal by the New Britain Township Zoning Hearing Board to grant a variance, the applicant seeks to construct a combination residence and interior design studio on his property located in a "CC," controlled commercial zoning district. A variance was believed to be required because the applicant's 150 foot by 200 foot lot does not meet the zoning ordinance three-acre minimum acreage requirement. In addition, the 100-foot set-back requirement from the road right-of-way and also from any adjoining boundary line would have to be varied and finally the present nonconforming building (located 28 feet from the road right-of-way)

and nonconforming residential use may be subject to the provisions limiting the extension of nonconforming uses and, if so, the proposed use would require variance from the restrictions of that provision. The zoning hearing board resolved all three of these express or implied variance requests against the applicant, and, accordingly, this appeal was taken.

By stipulation, the matter has been presented to the court en banc on the record made by the New Britain Township Zoning Hearing Board, supplemented only by five photographs, exhibits "P-1" through "5," which were presented to the court at the argument. The record having thus been supplemented and, therefore, different from that presented to the zoning hearing board, the court now deliberates upon this matter de novo.

In this case, the application was considered in its entirety as a variance request. However, in reviewing the New Britain Township Zoning Ordinance, we find the following provision:

"Section 904. Non-Conforming Lots.

"1. A building may be erected or altered on any lot held at the effective date of this Ordinance in single and separate ownership which is not of the required width or minimum area and is of sufficient size to assure adequate and safe facilities for the disposal of sewage and waste products and adequate separation between sewage and waste disposed systems and all water supplies. If such lot is of such unusual dimensions providing the required open spaces for the district in which such lot is located it may be used only upon authorization of a special exception by the Board of Adjustment."

This section of the New Britain Township Zoning Ordinance would appear to be directly applicable to the proposed use submitted by appellant, and the

interior design studio use appears to be one of the uses falling within the general character of uses contemplated in the "CC," controlled commercial district: Section 550, as amended. However, no testimony was taken on the sewer and water questions raised by the above-quoted section 904. Accordingly, this case will be remanded to the New Britain Township Zoning Hearing Board for consideration as a special exception application under sections 550 and 904 of the New Britain Township Zoning Ordinance.

In addition, the application also includes a proposal to extend the existing nonconforming residential use into the new structure to be erected on the property.* Section 903 of the New Britain Township Zoning Ordinance determines to what extent the nonconforming residential use may be expanded. The testimony is not precise on this point as to exactly what floor area of the new building would be devoted to the nonconforming residential use, and also what percentage of increase that extended use would represent. It may be that the extension of the nonconforming residential use may fall within the requirements of section 903 of the ordinance without the necessity of either a variance or special exception.

The only reference to nonconforming uses in the board's decision is found in conclusion of law no. 5, as follows:

"5. That the present application cannot be considered as an extension of a non-conforming use since the proposal contemplates the creation of a new use, i.e., the creation of an interior design studio with the sale of furniture and other appointments."

---

* In light of section 904, the court finds no difficulty with the fact that the new construction will adjoin the existing structure subject to the board's findings on the special exception itself.

In light of our earlier discussion in regard to the applicability of section 904 of the lot in question, and of section 903 to the extension of the nonconforming residential use, we find that the New Britain Township Zoning Hearing Board erred in considering this application as a variance request only, and failing to consider it as a special exception request under sections 904, 550 and 903 as previously stated. Accordingly, we enter the following:

### ORDER

And now, this July 12, 1972, the above entitled zoning matter is remanded to the New Britain Township Zoning Hearing Board for further proceedings consistent with this opinion.